IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | C.A. No. 22-1447-CJB |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, | |
| Defendants. | |

**PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.'S
<u>LETTER TO JUDGE BURKE</u>**

Dear Judge Burke:

In accordance with the Court's Order (D.I. 67), State Farm respectfully submits this letter seeking a Court order that Amazon produce ESI on a rolling basis; specifically, at least 50,000 documents per week effective immediately and until it has completed its production. Discovery has been open since March, and State Farm has been attempting to negotiate with Amazon regarding interim dates for production of ESI since August. Amazon has refused to make fulsome productions of its custodial ESI, refusing to provide any set dates for production, and claiming that it need not produce any further documents until the December 5 deadline for substantial completion of document discovery. D.I. 34. As set forth below, that is incorrect in view of the Court's Discovery Protocol Order and the needs of this case, which clearly warrant rolling productions of ESI immediately. This is necessary to allow State Farm to review those materials, engage in any necessary meaningful follow-up discovery, and prepare its case before key upcoming deadlines in early 2024.

**First**, the Discovery Protocol Order entered by the Court requires ESI to be produced on a rolling basis. D.I. 43 at 20-21 ("The parties will produce documents, including ESI, on a rolling basis," and "agree to use good faith efforts to respond to reasonable requests for prioritized production…."). Although Amazon contends that it need not produce its ESI *at all* until the substantial completion deadline for document productions on December 5, that does not excuse Amazon from complying with the Discovery Protocol Order requiring ESI production on a rolling basis.

**Second**, Amazon is, and has been, in a position to make rolling, custodial ESI productions *right now*. State Farm began negotiating with Amazon over custodians for searching and search terms for custodial ESI productions three months ago. This process was extensive, as the parties ran their respective proposed search terms, provided results, and further negotiated modifications to search terms and custodians. That process was completed, for Amazon, by no later than September 6. *See* Ex. 1 (excerpt of email chain negotiating Amazon's search terms). Per the Discovery Protocol Order, the only remaining step, therefore, is for Amazon to review and electronically produce the results of the agreed-to search terms for the agreed-to custodians. And even then, State Farm agreed to permit Amazon to prioritize certain search terms and custodians' ESI for production, to cooperatively agree on a reasonable schedule to move discovery forward. Amazon has provided no reasonable justification for delaying that process.

**Third**, since May, State Farm, for its part, has served four productions including substantial custodial ESI—more than 45,000 documents—using the search terms and custodians Amazon proposed and agreed to. These productions are being provided on a rolling basis, and thus far have included complete productions for three of the seven search terms Amazon asked State Farm to prioritize, and approximately 25,000 documents responsive to the other four prioritized terms.

**Fourth**, moving forward with custodial ESI productions at this stage is critical in view of numerous upcoming case deadlines, including the deadlines to file amended pleadings (January 10, 2024), to serve final infringement contentions (February 14, 2024), and the close of fact discovery (April 1, 2024). If Amazon waits until December to make the balance of its ESI productions, State Farm's ability to conduct necessary follow-up will be prejudiced. For example, until Amazon makes its custodial ESI productions, State Farm will be in the dark as to who at Amazon was responsible for developing the accused products in key time frames, or the marketing and sale of those accused products. This is highly relevant information considering the different

1

versions of Amazon's products that have been on the market, and directly relates to the similarities of Amazon's and State Farm's technology.  There is no justification for Amazon dragging its feet on moving forward with its productions of evidence that is highly relevant to the claims in this case.[1]

**Fifth**, while Amazon may claim that it has made rolling productions to date, that is not correct.  As an initial matter, Amazon has only made two ESI productions to date:  (1) its core technical documents, and (2) a limited set of custodial documents that it produced *late last night*.  Amazon's core technical document production from April consists of only 364 documents that, for the most part, lack any meaningful information identifying who they relate to and when they were made—*e.g.,* no author, individual custodian, or date metadata—and thus shed very little light on the issues in this case or what witnesses should be the focus for follow-up.  Amazon's second production—which it made for optics after Amazon was notified of State Farm's intent to raise this dispute with the Court—comprises 955 custodial documents (565 of which only list "Amazon" as a custodian, as opposed to an agree-upon individual custodian).  That is *less than one percent* of the documents the agreed-to search terms hit on—far less than the custodial searches Amazon is required to perform under the Discovery Protocol Order and based on agreed-to search terms and custodians.  *See* Ex. 1 (excerpt of email chain negotiating Amazon's search terms, attaching Ex. 2, the hit count report subject to two minor revisions shown in the email correspondence).

Amazon's sole response to date for its delay in producing custodial ESI was that the substantial completion of document discovery is not until December 5, but waiting until that deadline is nonsensical, since Amazon's review is certainly ongoing and documents should be produced accordingly.  There is no stay in place—indeed, Amazon has not filed any Petitions for *Inter Partes* Review—and no other justification for Amazon's failure to move discovery forward at this time.  Amazon is engaging in prejudicial delay, plain and simple.  Accordingly, State Farm respectfully requests that the Court enforce the Discovery Protocol Order's requirement of rolling ESI productions.  Specifically, Amazon should be ordered to produce at least 50,000 documents per week until it has substantially completed its custodial ESI production.  Based on the search term hit report Amazon provided to State Farm, this will allow Amazon to complete its custodial ESI production in four weeks, which is a reasonable amount of time considering discovery has been open since March and document production substantially closes on December 5.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)

---

[1] There is no dispute that the custodial ESI productions are highly relevant and likely to lead to additional relevant evidence.  Amazon has agreed to produce documents for 12 custodians hitting on search terms related to the accused Alexa products, State Farm, fall detection, and State Farm's Sundial product, which bear directly on issues of infringement and willfulness.  Amazon has not objected on the basis of relevance or burden—only that it need not make productions before December 5.