IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, <br><br> Defendants. | C.A. No. 22-1447-CJB <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.'S
<u>RESPONSIVE LETTER TO JUDGE BURKE</u>**

OF COUNSEL:

Michael W. De Vries
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
(213) 680-8400

Adam R. Alper
Akshay S. Deoras
Natalie Sinzig
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Kat Li
KIRKLAND & ELLIS LLP
401 Congress Ave
Austin, TX 78701
(512) 678-9100

Leslie M. Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for* Plaintiff.

Dated:  October 30, 2023

Dear Judge Burke:

Amazon's responsive letter underscores the need for a Court order compelling it to move forward with its ESI production: Amazon does not dispute that it *can* produce the ESI documents on the timeline proposed by State Farm; it just does not want to, even though it previously agreed to do just that—in an agreement that is memorialized in the Court's Discovery Protocol Order.

***First,*** Amazon once again points to the December 5 date for substantial completion, stating that "[n]o deviation from that schedule is warranted." Amazon Resp. at 1. But, Amazon fails to address the Discovery Protocol Order, which requires ESI productions to occur on a rolling basis. Given Amazon's continued recalcitrance, an order such as that requested here—specifically delineating Amazon's rolling production obligations on a weekly basis—is required.[1]

***Second,*** Amazon's claims that the ESI productions lack proportionality are misplaced. Amazon ***already agreed*** to produce the ESI at issue, after the parties negotiated search terms. In accordance with the Discovery Protocol Order, and to avoid undue prejudice to State Farm associated with further delay, an order such as that proposed by State Farm is undisputedly proportional and necessary. Regardless, Amazon's claims regarding the alleged use of "the accused fall detection feature" does not obviate the discovery at issue. The fall detection feature is not a requirement for infringement of the four asserted ECSP patents, and Amazon's revenue figures—of which Amazon provided limited disclosure and are still the subject of discovery—do not account for other benefits Amazon has received in connection with offering the accused technologies, nor the willful nature of Amazon's infringement.[2] Further, despite its claims here, Amazon continues to aggressively market and sell the accused technologies, confirming that Amazon sees value in them and underscoring the need for additional discovery.

***Third,*** contrary to Amazon's assertions, the ESI is relevant. Amazon confirmed as much by agreeing to search terms and to produce the results. While Amazon attempts to downplay the critical nature of custodial ESI, it is undeniably a highly relevant source for evidence concerning Amazon's development of the accused products, who was involved and when, and Amazon's willfulness, all of which could require follow-up discovery. The "Key Stakeholders" document is not a substitute, as it is just a list of people, without context, and Amazon's Rule 26 disclosures and interrogatory responses collectively list only <u>two</u> Amazon employees—which on its face does not credibly identify all those involved with developing the accused products.

***Lastly,*** while Amazon suggests that the total number of custodial ESI documents may be less than 178,000, it fails to say what that lower number is, and that is no excuse for failing to produce more documents on a rolling basis in any event. Nor is State Farm's production, which continues to grow on a rolling basis as required (including another 27,000-document production last week). There is no reason for Amazon to unnecessarily delay its production further.

---

[1] Even after Amazon's most recent production on October 20, it has still produced fewer than 200 documents for three agreed custodians and ***no documents at all*** for three other agreed custodians.
[2] While Amazon states that State Farm "has yet to articulate a damages theory or make an initial settlement demand," *id.* at 1, State Farm has, in fact, articulated a damages theory in its March 8, 2023 disclosures and in its April 21, 2023 Response to Amazon's Interrogatory No. 4. And, the parties have had settlement communications, which they have agreed to keep confidential.

The Honorable Christopher J. Burke
October 30, 2023
Page 2

                                                               Respectfully,

                                                               /s/ *Kelly E. Farnan*

                                                               Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)